# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GERALD ANTHONY THOMAS, JR. <br> # 16696-083 <br><br> Petitioner <br><br> v <br><br> MS. DONNA ZICKEFOOSE <br><br> Respondent | * <br> * <br> * <br> * Civil Action No. DKC-10-2538 <br> * (Consol.Civil Action No. DKC-10-2916) <br> * Related Criminal No. DKC-07-325 <br> * <br> *** |

## MEMORANDUM OPINION

Pending is a Motion to Vacate, Set Aside or Correct sentence pursuant to 28 U.S.C. § 2255 filed pro se by Gerald Anthony Thomas, Jr., an inmate confined at the Federal Correctional Facility- Fort Dix. After careful consideration, the court will dismiss the Motion as time-barred.

**I.   Procedural Background**

Thomas pleaded guilty to possession of an unregistered firearm in violation of 18 U.S.C. §§ 5841, 5861(d), and 5871 and felon in possession of a firearm in violation of 18 U.S.C. § 922 (g). On July 23, 2008, the court sentenced Thomas to concurrent sentences of 144 months for the felon in possession conviction and 120 months for possession of the unregistered firearm. ECF No. 72. Thomas filed this Petition on September 9, 2010.[1]

---

[1] The instant petition is dated September 9, 2010. *See* Civil Action No. DKC-09-2538, ECF No. 1. The court will assume for the purposes of assessing timeliness that it was delivered to prison officials and therefore filed in this court on the same day. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998) (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the prison mailbox rule).

## II. Limitations Period

Petitions filed under 28 U.S.C. § 2255 must be filed within one year of the date the judgment becomes final. *See* 28 U.S.C. § 2255(f) (1).[2] In this case, Petitioner's conviction became final for the purpose of starting the one-year limitations period on the date this court entered judgment, given that Thomas did not file an appeal.[3] *See Clay v. United States*, 537 U.S. 522, 525 (2003); *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (explaining that where no appeal is taken, the statute of limitations begins to run on the date the court enters judgment of conviction). Consequently, the limitations period had long expired when Thomas filed the instant petition.

On September 29, 2010, the court notified Thomas that the Petition appeared to be time-barred and granted him an opportunity to show why equitable tolling was warranted or the

---

[2] This section provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Movant was prevented from making a motion by such Governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[3] Arguably, judgment became final ten days later. At the time Thomas was sentenced, the appeal period was ten days, *see* Fed. R. App. P. 4(b) (eff. Dec.1, 2005), and the intermediate weekends and legal holidays were not counted in the computation. *See* Fed. R. App. P. 26(a) (2) (eff. Dec.1, 2002). Effective December 1, 2009, the appeal period is now fourteen days. *See* Fed. R. App. P. 4(b) (1) (A). The § 2255 remains untimely when the additional time is added to the calculation.

Petition was otherwise untimely. ECF Nos. 111, 112. Thomas replied, asserting that a [n]ew law" was passed that pertains to his case. ECF No. 114, p. 7 ¶ 13. Relying on *Shepard v. United States*, 544 U.S. 13, 20-21, 24 (2005), Thomas asserts that he is entitled to resentencing because he was improperly sentenced as an Armed Career Criminal[4] on the basis of predicate day-time break-ins. ECF No. 114, Attachment, pp. 3-4. Contrary to Thomas's suppositions, the *Shepard* decision was available to Thomas at sentencing, and the analysis in that case provides no basis to find the Petition timely, to warrant equitable tolling, or to provide relief on a meritorious claim. Accordingly, the court will dismiss the Petition as time-barred.

**III. Certificate of Appealability**

A certificate of appealability may issue under 28 U.S.C. § 2253(c) (1) (A) only if the applicant has made a substantial showing of the denial of a constitutional right. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c) (2). To make such a showing, the applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484(2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4(1983). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless a petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it

---

[4] The Armed Career Criminal Act (ACCA) mandates a minimum 15-year prison sentence for possession of a firearm after three prior convictions for serious drug offenses or violent felonies. *See* 18 U.S.C. § 924(c).

debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack*, 529 U.S. at 484 (2000)). Petitioner has not made the requisite showing, and a certificate of appealability shall be denied.

### IV. Conclusion

Under these facts and absent any grounds to apply equitable tolling or conclude that the Petition is otherwise timely, the court will dismiss the Petition time-barred. A separate Order follows.

Date:  November 8, 2010                                 /s/
                                          DEBORAH K. CHASANOW
                                          United States District Judge