IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GERALD ANTHONY THOMAS, JR.,        *

   Petitioner                                    *

      v                                           *       Criminal Case: DKC-07-325
                                                          (Related Civil Action: DKC-14-2821)
UNITED STATES OF AMERICA,           *

   Respondent                                   *
                                                   ***

## MEMORANDUM OPINION

Presently pending and ready for resolution is a motion filed by Petitioner Gerald Thomas to reopen his 2014 28 U.S.C. § 2241 habeas corpus proceeding pursuant to Fed. R. Civ. P. 60(b). The court appointed counsel for Mr. Thomas and ordered counsel and the Government to file responses to the Motion, and they have timely done so. ECF Nos. 189, 195, 196. Accordingly, the matter is ripe for review. For the reasons that follow, the Motion to Expedite will be denied as moot, the Motions to Seal will be granted, and the Motion to Reopen will be denied.

## BACKGROUND

In 2007, Mr. Thomas pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and one count of possession of an unregistered short barreled shotgun, in violation of 26 U.S.C. § 5841. Based on his prior convictions for Maryland housebreaking (two convictions) and Virginia statutory burglary, Mr. Thomas was designated as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), which had the effect triggering a statutory minimum sentence. *See* ECF No. 175 at 1. He received concurrent terms of imprisonment of 144 months for the 18 U.S.C. § 922(g) conviction and 120 months for the 26 U.S.C. § 5841 conviction. ECF No. 72 at 1-2. He also received concurrent

terms of supervised release of 5 years for the 18 U.S.C. § 922(g) conviction and 3 years for the 26 U.S.C. § 5841 conviction. *Id.* at 3.

In 2010, Mr. Thomas filed a habeas corpus petition under 28 U.S.C. § 2241, which the Court construed as a habeas corpus motion under 28 U.S.C. § 2255. ECF Nos. 111, 113, 114. The § 2255 motion was denied as time-barred. ECF No. 117.

On September 7, 2014, the Federal Public Defender filed an Emergency Consent Motion to Correct Sentence under 28 U.S.C. § 2241 (hereinafter "§ 2241 Motion") on Mr. Thomas' behalf and with the Government's consent. ECF No. 175. The § 2241 Motion argued that Mr. Thomas no longer qualified as an armed career criminal based on *Descamps v. United States*, 133 S. Ct. 2276 (2013), *United States v. Henriquez*, 757 F.3d 144 (4th Cir. 2014), and *United States v. Martin*, 753 F.3d 485 (4th Cir. 2014). ECF No. 175 at 2. Without this designation, Mr. Thomas' 144-month sentence for the § 922(g) conviction exceeded the statutory maximum of 120 months' imprisonment. Counsel further noted that, without the statutory and sentencing guidelines implications of an ACCA designation, "Mr. Thomas' non-ACCA Guidelines range (corresponding to offense level 18 and criminal history category VI) is now 57 to 71 months imprisonment on both counts of conviction." *Id.* Because Mr. Thomas had already served 86 months in prison, the parties requested that Mr. Thomas receive a sentence of time served plus two weeks of incarceration for release planning on both counts. *Id.*; *see also* ECF No. 195 at 2 (computing actual time served). The parties did not make any request regarding Mr. Thomas' pending terms of supervised release.

On September 10, 2014, the Court granted the § 2241 Motion, stating that:

Upon consideration of the parties' joint recommendation [for a sentence of time served plus two weeks], the factors set forth in 18 U. S. C. § 2241, and the amount of time Petitioner has already served in custody, the court has determined that a

> sentence of imprisonment of time served plus two weeks is a reasonable and appropriate sentence.

ECF No. 177.  Accordingly, the court entered an amended judgment sentencing Mr. Thomas to time served plus two weeks.  ECF Nos. 177, 178 at 2.  The amended judgment re-imposed the original terms of supervised release.  ECF No. 178 at 3.  Thus, Mr. Thomas was released by the end of September 2014 and began his period of supervised release.

On April 13, 2015, the court ordered that "pursuant to 18 U.S.C. 3605, the jurisdiction of [Mr. Thomas' case] be transferred with the records of this Court to the United States District Court for the Western District of Virginia" upon that court's acceptance.  ECF No. 180.  The transfer order stated "This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court." *Id.*  On May 26, 2015, the Western District of Virginia accepted jurisdiction. *Id.*; *see also United States v. Thomas*, 5:15-cr-00017-MFU-RSB-1 (W.D. Va.), PACER No. 1 (reflecting transfer of probation supervision).

On April 6, 2017, Judge Urbanski of the Western District of Virginia issued a warrant for Mr. Thomas' violation of the terms of his supervised release. *Thomas*, PACER No. 3.  The warrant was issued based on allegations that Mr. Thomas committed a state crime when he pled guilty to possession of schedule I/II drugs in Virginia state court on January 17, 2017, and that he voluntarily admitted to using crack cocaine at least 11 times between March 2015 and August 2015, and an additional two times in early 2017. *Id.*  Mr. Thomas did not contest the charged violations, and he requested a below-Guidelines revocation term. *Thomas*, PACER No. 19.  As relevant to the instant Motion, Mr. Thomas argued that

> The government and defense counsel agreed that his non-ACCA guidelines range was 57-71 months, and at the time the motion was filed, he had already overserved. He served a total of slightly more than 86 months, having been taken into custody

3

> on July 11, 2007 and released on approximately September 23, 2014. See PSR p. 1; Ex. 2.
>
> The court should consider the excess time Mr. Thomas has already served in federal custody when determining the appropriate sentence on his violation. Had the sentencing judge provided a specific term of months as his amended sentence, BOP would credit the excess time he had overserved to him against any future violations. Because the amended sentencing order merely states that he is sentenced to "time served plus two weeks," however, the Bureau of Prisons will not provide him credit for that time, even though it is clear that he overserved his underlying federal sentence by between 15 and 29 months. This court should address that inequity by reducing any sentence it imposes on Mr. Thomas by the time that he overserved.
>
> In addition, because Mr. Thomas had only two weeks to prepare for release, he did not have the chance to access many of the Bureau of Prisons programs designed to facilitate reentry and help ex-offenders manage their addictions and develop the skills they will need to avoid recidivism and be successful post-incarceration. The effects of his precipitate release are an additional relevant factor of his history and characteristics that this Court should consider in mitigation of his supervised release violation.

*Id.* at 3 (internal citations omitted).

Judge Urbanski sentenced Mr. Thomas to 36 months' imprisonment for violating supervised release as to his § 922(g) conviction, and to a concurrent term of 24 months' imprisonment as to the § 5841 conviction. Judge Urbanski did not order Mr. Thomas to serve a period of supervised release upon completion of his revocation sentence.

Thereafter, Mr. Thomas filed a 28 U.S.C. § 2255 Motion in the Western District of Virginia, arguing that he received ineffective assistance due to counsel's failure to object to an unlawful term of supervised release of five years and a revocation sentence of three years on his § 922(g) conviction, which had decreased because he was no longer designated an armed career criminal. *See Thomas*, PACER Nos. 26, 31; 18 U.S.C. § 3581(b)(3) (stating that conviction carrying a sentence of not more than 12 years is a Class C felony); 18 U.S.C. § 3583(b), (e) (stating that, for a Class C felony, the authorized terms of supervised release and imprisonment upon revocation are, respectively, not more than three years and not more than two years); 18 U.S.C. §

924(b) (stating that violation of § 922(g) is punishable by no more than 10 years' imprisonment). The Government agreed with Mr. Thomas' argument and asked that he be resentenced to two years' imprisonment. *Thomas*, PACER No. 35.

Judge Urbanski concluded that revocation counsel was ineffective for failing to object to the revocation sentence and that Mr. Thomas was prejudiced by this failure. *Thomas*, PACER No. 36 at 3-4. However, as to the supervised release terms in Mr. Thomas' amended judgment, the court noted that Mr. Thomas could not demonstrate prejudice because he had violated the terms of his supervised release within three years of his release. *Id.* at 3 n.1. Judge Urbanski granted the § 2255 Motion in a memorandum opinion and order that resentenced Mr. Thomas to concurrent terms of 24 months' imprisonment for both underlying convictions but stated that all other aspects of its criminal judgment would remain in "full force and effect." *Thomas*, PACER Nos. 36, 37. As with his original revocation sentence, Judge Urbanski did not impose a period of supervised release upon completion of the revocation sentence.

Mr. Thomas filed a Motion to Reconsider and a Motion to Amend or Correct Judge Urbanski's Order, arguing that he was entitled to immediate release because the term that he served in excess of his non-ACCA Guidelines range should be credited against his revocation sentence. *Thomas*, PACER Nos. 38, 39. Judge Urbanski denied both Motions, explaining that Mr. Thomas had not identified a proper ground for reconsideration under Fed. R. Civ. P. 59(e), noting that the responsibility for computing sentencing credit was assigned to the Bureau of Prisons rather than the courts; and stating that "[t]he fact that Petitioner had served a lawfully imposed sentence that was later effectively reduced to time served does not mitigate his conduct that resulted in his re-incarceration." *Thomas*, PACER Nos. 40, 46 at 3. Mr. Thomas appealed to the United States

Court of Appeals for the Fourth Circuit, which denied a certificate of appealability and dismissed the appeal. *Thomas*, PACER Nos. 43, 52, 53.

Mr. Thomas then filed a copy of a Motion to Reopen § 2241 Proceedings with both this court (which is the Motion presently before the court) and with the Western District of Virginia. *Thomas*, PACER No. 54. Judge Urbanski docketed the Motion as one for reconsideration and issued an Order denying it. *Thomas*, PACER No. 55. Mr. Thomas' appeal of Judge Urbanski's most recent order remains pending with the Fourth Circuit. *Thomas*, PACER No. 56.

## INSTANT PROCEEDINGS

On August 29, 2018, this court received Mr. Thomas' pro se "Motion to Reopen Original 28 U.S.C. § 2241 Proceedings Pursuant to Rule 60 Fed. R. Civ. P.," requesting that the court reconsider its September 10, 2014 Order granting the Consent § 2241 Motion. ECF No. 187. Mr. Thomas identifies subsections (4) and (6) of Rule 60(b) as the basis for his motion; these subsections allow for relief from a final order or judgment, respectively, if the judgment is void or for any other reason that justifies relief. *Id.* at 1. He argues that the court's order sentencing him to time served was procedurally and substantively unreasonable because "the Court failed entirely to provide any explanation for the 'time served sentence' it chose to impose," did not calculate his advisory Guidelines range, and did not consider the 18 U.S.C. § 3553(a) factors. *Id.* at 3.

The court ordered the Federal Public Defender (later replaced by counsel under the Criminal Justice Act) and the U.S. Attorney to respond to Mr. Thomas' Rule 60(b) Motion. ECF No. 189. Mr. Thomas' counsel argues that the court should amend its judgment as to the term of imprisonment of "time served" and instead specify a term of years or months within the amended Guidelines Range so that the excess time he served may be credited by the Bureau of Prisons against his revocation sentence. ECF No. 195. Counsel also argues that Mr. Thomas should

6

receive this benefit for various other equitable reasons, discussed more fully in the analysis section of this opinion. *Id.*

**LEGAL STANDARD**

To succeed on a Rule 60(b) motion, "a party must demonstrate (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances. . . . After a party has crossed this initial threshold, it then must satisfy one of the six specific sections of Rule 60(b)." *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017) (internal citation, quotation marks, and brackets omitted). For purposes of Rule 60(b)(4), which concerns relief from a void judgment, "a judgment is not void merely because it is erroneous. It is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" *Schwartz v. United States*, 976 F.2d 213, 217 (4th Cir. 1992) (quoting 11 Wright & Miller, *Federal Practice and Procedure* § 2862 at 198–200 (1973)); *see also Eberhardt v. Integrated Design & Const., Inc.*, 167 F.3d 861, 871 (4th Cir. 1999).

**ANALYSIS**

**A.     Jurisdiction**

This court appears to lack jurisdiction over the Rule 60(b) Motion. After the court granted the § 2241 Motion and Mr. Thomas was placed on supervised release, jurisdiction over Mr. Thomas and responsibility for supervising him was transferred to the Western District of Virginia. *See* ECF No. 180 at 44.     Indeed, the Western District of Virginia subsequently amended Mr. Thomas' revocation sentence after Mr. Thomas pointed out that this court had failed to correct his term of supervised release. Further, Mr. Thomas is not confined within this District, nor is he

7

presently confined pursuant to this court's judgment. Rather, he is presently confined under the Western District of Virginia's revocation judgment and amendment.

Moreover, as the Government correctly notes, it appears this court lacked jurisdiction to consider Mr. Thomas's § 2241 Motion that was in substance a successive § 2255 Motion unless Mr. Thomas could satisfy the requirements of § 2255(e), commonly referred to as the savings clause. ECF No. 196 at 4-7.[1] The savings clause allows a litigant to proceed under § 2241 where § 2255 "is inadequate or ineffective to test the legality of his detention." Because Mr. Thomas was challenging his custody pursuant to a criminal judgment rather than the nature of his confinement, the § 2241 Motion was, in substance, a successive, unauthorized § 2255 Motion. *See* § 2255(a). Thus, Mr. Thomas needed to satisfy the savings clause to proceed under § 2241.

At the time Mr. Thomas' consent motion under § 2241 was filed, the Fourth Circuit had issued a per curiam opinion stating that the savings clause requirement was jurisdictional. *See Rice v. Rivera*, 617 F.3d 802 (4th Cir. 2010) (per curiam); *see also United States v. Wheeler,* 886 F.3d 415, 423 (4th Cir. 2018) (noting that appellant contended that *Rice* had "no precedential effect" because it was per curiam, and "argue[d] that the savings clause is not actually jurisdictional"). Given *Rice's* per curiam status, there was at least some ground to argue that the savings clause requirement was not jurisdictional, and therefore could be waived by the respondent. However, given the Fourth Circuit's recent opinion in *Wheeler*, there can now be no

---

[1] However, the Court notes that Government's citation to *United States v. Surratt*, 797 F.3d 240 (4th Cir. 2015) for this point is incomplete at best. ECF No. 196 at 5. The panel opinion in *Surratt* is not binding authority because the Fourth Circuit granted the petition for rehearing *en banc*. *United States v. Surratt*, 4th Cir. 14-6851, PACER Nos. 84, 122. Although the Fourth Circuit subsequently dismissed the case as moot based on Surratt's presidential commutation, *United States v. Surratt*, 855 F.3d 218 (4th Cir. 2017), this does not have the effect of reinstating the panel decision. To the extent that the Government cites to the *Surratt* panel opinion in the future, it should be careful to note the subsequent history or otherwise make clear that the opinion is not binding authority.

doubt now that this court lacks jurisdiction to consider a § 2241 Motion that is in substance a successive § 2255, unless the Petitioner satisfies the requirements of the savings clause, § 2255(e), notwithstanding the Government's willingness to waive the requirement. *Wheeler*, 886 F.3d at 424-27 ("Because the savings clause requirements are jurisdictional, we must reject Appellant's waiver argument.").

The contention by CJA counsel that Mr. Thomas did satisfy the savings clause, *see* ECF No. 199 at 1 (stating "the Government is substantively wrong in its claim that relief could not have been properly gained under 28 U.S.C. § 2241" and citing *Wheeler*, which concerned the savings clause), is incorrect. At the time Mr. Thomas filed his § 2241, the Fourth Circuit did not allow the savings clause to be used to challenge sentencing issues. *See In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000) (setting forth savings clause requirements, including "at the time of conviction, settled law of this circuit or the Supreme Court established the legality *of the conviction*") (emphasis added); *see also United States v. Wheeler*, 734 F. App'x 892, 893-94 (4th Cir. June 11, 2018) (statement of Judge Agee respecting denial of petition for rehearing en banc, explaining that the panel opinion in *Wheeler* expanded the pre-existing scope of the savings clause). Thus, at the time the parties filed the § 2241 consent motion, Mr. Thomas did not satisfy the requirements of the savings clause. Moreover, Mr. Thomas could not satisfy the post-*Wheeler* savings clause requirements, which requires that "subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was *deemed to apply retroactively on collateral review*[.]" *Wheeler*, 886 F.3d at 429 (emphasis added). *Descamps*, which was the basis of Mr. Thomas' § 2241 consent Motion, is not a retroactively applicable change in the law. *See Brooks v. Bragg*, No. 17-7404, 735 F. App'x 108 (4th Cir. Aug. 27, 2018) (per curiam) (post-

*Wheeler* decision acknowledging that *Descamps* does not met the requirements for the savings clause even under the new *Wheeler* test).

In view of these issues with the transfer to Mr. Thomas' case to another district and with the apparent lack jurisdiction over the underlying § 2241, the court concludes that it lacks jurisdiction over the instant Motion. However, the court acknowledges that the jurisdictional issues presented by these facts are fairly unique and notes that, even assuming the court does have jurisdiction to consider the Rule 60(b) Motion, it would deny relief for the reasons explained below.

**B.     Other issues**

As previously noted, to succeed on a Rule 60(b) Motion, a party must demonstrate a meritorious defense and exceptional circumstances, among other elements. *See AMH Roman Two NC, LLC*, 859 F.3d at 299. Additionally, a party must satisfy at least one of the sections of Rule 60(b). Mr. Thomas argues that his judgment should be amended either because it was void, Rule 60(b)(4)[2] or for other circumstances warranting relief, Rule 60(b)(6). For the reasons that follow, the court concludes that Mr. Thomas has not made these showings.

1. <u>Not requested</u>

The time served (plus two weeks) sentence was the sole sentence requested by the parties in the § 2241 Motion. The parties did not request a sentence of a term of years for the court's consideration. Moreover, they did not even request a new sentencing hearing which would have been a prerequisite to issuing a specific sentence of a term of years—and, as relevant to Mr.

---

[2] Although Rule 60(b)(4) arguably applies in view of the above discussion about jurisdiction, it would not yield the requested relief. To the contrary, it would have the effect of invalidating the amended judgment reducing Thomas' sentence from 144 months' imprisonment. In any event, because other elements like "exceptional circumstances" must also be satisfied before turning to the specific subsections, it is unnecessary to reach this issue.

Thomas' pro se argument that the court failed adequately to analyze the § 3553(a) sentencing factors, *see* ECF No. 187 at 3, would have been the appropriate venue for considering the sentencing factors.

   2. Unlikely relief, even if requested

In any event, even if the request had been made, it does not necessarily follow that the court would have issued a sentence of a term of years, given the policy considerations behind supervised release coupled with the fact that the original sentence was not unlawful at the time that it was issued (i.e., it was a fortuitous change in the law rather than a mistake in the first instance that resulted in an excess sentence). This policy consideration was compellingly articulated by the District of Hawaii in a similar case of "time served" resentencing. As that court explained:

> [I]t is also apparent that Defendant primarily seeks a de novo re-sentencing to create a specific, determinable "over-sentence" period by fixing a new sentence below the amount of time he has already served. Defendant has contended that such a period might be applicable under 18 U.S.C. § 3585(b) (entitled "Credit for prior custody") should, for example, he later face imprisonment if his supervised release is revoked under 18 U.S.C. § 3583(e)(3). *See, e.g.*, Doc. No. 229, Def. Suppl. Mem. at 6-7. The government objects to the creation of such a "time bank," and argues that it is an improper basis for convening a de novo re-sentencing hearing. Doc. No. 230, Gov't Suppl. Mem. at 3.
> . . .
> But even if the possible creation of a "time bank" was an appropriate consideration, Defendant's motivation for seeking a re-sentencing is contrary to sound sentencing policy. In a related context (where a defendant sought to utilize potentially over-served time to justify release on bail pending a decision on a § 2255 motion), the court recognized that such use of a "reservoir" of over-served time reflects poor policy and is subject to potential abuse. *See United States v. Leach*, 2016 WL 2344197, at *3 (D. Haw. May 3, 2016) ("If a 'time bank' of overserved time existed for such use, it could easily be abused. A defendant on supervised release could feel free to violate the terms of supervised release, secure in the knowledge that he could cash in his account if the court revoked his supervised release."). It is also contrary to sentencing policies set forth in the Guidelines. As this court noted in *Leach*,
>
>> [t]he creation or use of such a "time bank" is also contrary to U.S.S.G. § 7B1.3(e) (Policy Statement regarding revocation of supervised release), which provides:

11

> Where the court revokes probation or supervised release and imposes a term of imprisonment, it shall increase the term of imprisonment determined under subsections (b), (c), and (d) above by the amount of time in official detention that will be credited toward service of the term of imprisonment under 18 U.S.C. § 3585(b), other than time in official detention resulting from the federal probation or supervised release violation warrant or proceeding.
>
> U.S. Sentencing Guidelines Manual § 7B1.3(e). And the corresponding commentary explains that § 7B1.3(e) "is designed to ensure that the revocation penalty is not decreased by credit for time in official detention other than time in official detention resulting from the federal probation or supervised release violation warrant or proceeding." *Id.* cmt. n.3
>
> *Leach*, 2016 WL 2344197, at *3 n.6. And so, if the creation of a potential "time bank" were a factor that a court could or should consider in deciding whether to conduct a re-sentencing after a meritorious § 2255 motion, it would weigh against conducting a de novo re-sentencing.

*United States v. Lee*, Crim. No. 12-133 JMS (02), 2016 WL 4179292, at *2-3 (D. Haw. Aug. 4, 2016).

Relatedly, although a sentence of time served may not have been the most favorable outcome for Mr. Thomas, it was not *unlawful* as it did not amount to a sentence in excess of the non-ACCA 10-year statutory maximum.[3]

3. Counsel's equitable arguments

Mr. Thomas' counsel makes various equitable arguments regarding why the court should resentence him to a term of years, thereby opening the gate for him to be released immediately and serve a shorter revocation sentence. However, Mr. Thomas presented these equitable arguments to Judge Urbanski prior to the revocation sentence being imposed. *Compare Thomas*, PACER No.

---

[3] Admittedly, the failure to correct the term of supervised release did contravene the relevant statute. However, that error has since been corrected by the Western District of Virginia.

19 at 3-4 (Mr. Thomas' sentencing memorandum arguing that the revocation court should account for his "overserved" term of imprisonment, noting the impact of the "time served" sentence, and contending that he had inadequate time to prepare for release) *with* ECF No. 195 at 2-4 (reiterating these arguments). Judge Urbanski was apparently not compelled by these arguments, as he imposed the maximum revocation term. Raising these arguments again to this court in a bid to reduce the revocation sentence is effectively an attempt to take a second bite at the apple.

Additionally, Mr. Thomas' counsel speculates that, had the correct three-year term of supervised release been imposed in 2014, "it is likely he would have completed his term of supervised release before the Virginia state charges arose." ECF No. 195 at 3. This theory is premised on the following:

> If Thomas had received three years of supervised release, after the first year he would have been eligible to seek early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1). It is not uncommon for individuals to obtain early termination of supervised release after having completed half of their terms without incident. In all, Thomas successfully completed approximately 27 months prior to his violation.

*Id.*

Aside from being pure speculation, this argument suffers from several flaws. First, § 3583(e)(1) allows for a court, at its discretion, to terminate supervised release "at any time after the expiration of one year of supervised release," but does not limit this possible benefit to those individuals serving only three (or fewer) years of supervised release. Thus, even while under a term of five years' supervised release, Mr. Thomas could have been discharged from supervised release after a year, yet he was not nor did he make a request of the Western District of Virginia that he be so discharged. More importantly, the contention that Mr. Thomas "successfully completed approximately 27 months prior to his violation" is incorrect. Rather, he completed over two years before being convicted on state charges—but the conduct leading to the state charges

13

occurred before that time.  Moreover, Mr. Thomas' act of using crack cocaine, even without a resulting criminal conviction, is a violation of the terms of his supervised release, and Mr. Thomas admitted to using crack cocaine on no less than 11 occasions within the first year of his supervised release.  *See Thomas*, PACER No. 3.  He admitted such use almost contemporaneously, so the violations were known in 2015.  *Id.*  Thus, assuming early discharge is "not uncommon" for individuals who complete the first half of their supervised release without incident, Mr. Thomas would not have qualified as such an individual even if he had been subjected to the correct three-year supervised release term in September 2014.

## CONCLUSION

In sum, the court appears to lack jurisdiction over the pending Rule 60(b) Motion.  To the extent it has jurisdiction, the court is unpersuaded by Mr. Thomas' arguments and concludes that they do not provide an adequate basis for revisiting the underlying order.  Therefore, the court denies the Motion to Expedite as moot (ECF No. 188), grants the Motions to Seal (ECF Nos. 191, 194), and denies the Motion to Reopen (ECF No. 187).  A separate order follows.


December 13, 2018                                            /s/
                                                           DEBORAH K. CHASANOW
                                                           United States District Judge